IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELAINE MASON, on behalf of herself, and all Others similarly situated, | ) ) ) |
| v. | ) Case No. 1:15-cv- 04194 ) ) Judge Andrea R. Wood ) |
| M3 FINANCIAL SERVICES, INC., an Illinois Corporation, | ) ) ) ) |
| Defendants. | ) |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFFS' CLASS ACTION COMPLAINT, AND JURY DEMAND

Defendant M3 Financial Services, Inc., by and through its undersigned attorneys, for its

Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

### CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Elaine Mason ("Plaintiff") brings this class action complaint against Defendant M3 Financial Services, Inc. ("Defendant" or "M3 Financial") to stop Defendant's practice of making unsolicited phone calls to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and to obtain redress for all person injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**ANSWER:** Defendant admits that Plaintiff purports to state a claim and seek relief

under the TCPA. Further answering, Defendant denies that it violated the TCPA and denies that

it engaged in unlawful conduct. Further answering, Defendant denies that Plaintiff is entitled to

the relief sought in the Complaint or any relief whatsoever from Defendant.

### JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction under 25 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, a federal statute. *Mims v. Arrow Financial Services, LLC,* 132 S.Ct. 740, 751-53 (2012); *Brill v. Countywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005). Subject matter jurisdiction over this

action is further appropriate in this Court pursuant to 28 U.S.C. § 1332(d)(2), because (i) at least one member of the putative Classes is a citizen of a state different than the Defendant, (ii) the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and (iii) none of the exceptions under that subsection apply to this action.

**ANSWER:** Defendant admits that the Court has jurisdiction over this action under 28 U.S.C. §1331. Further answering, Defendant denies the remaining allegations contained in this paragraph.

2. The Court has person jurisdiction over Defendant and venue is proper in this District because Defendant transacts significant amounts of business within this District and a substantial portion of conduct and events giving rise to Plaintiff's claim arose in this District. Further, Plaintiff has resided in this District at all times herein mentioned.

**ANSWER:** Defendant admits that venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2), and admits that the Court has personal jurisdiction over Defendant in this District.

3. Specifically, personal jurisdiction over Defendant is proper in this District because (1) Plaintiff received phone calls from Defendant in this District; (2) Defendant maintains is principal place of business at 10330 W. Roosevelt Road, Suite 200, Westchester, Illinois 60154; (3) Defendant derives revenue from transactions occurring in Illinois; (4) Defendant employs Illinois residents; and (5) is registered to do business in Illinois as entity file number 61926178.

**ANSWER:** Defendant admits that the Court has personal jurisdiction over Defendant in this District, as Defendant is a Licensed Collection Agency with the Illinois Department of Financial and Professional Regulation, it is an Illinois corporation (Secretary of State File Number 61926178) that maintains its principal place of business at 10330 W. Roosevelt Road, Suite 200 Westchester, Illinois 60154, and is registered to do, and does, business in the State of Illinois and within this District.

## PARTIES

4. Plaintiff Elaine Mason, is and at all times mentioned was, a resident of the State of Illinois. She is, and at all times mentioned herein, was a "person" as defined by 47 U.S.C. § 153 (32).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph and, therefore, neither admits nor denies the same. Further answering, Defendant states that the allegations contained in the second sentence of this paragraph are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same.

5. Defendant M3 Financial Services, Inc., is a debt collector for various healthcare organizations that maintains its principal place of business at 10330 W. Roosevelt Road, Suite 200 Westchester, Illinois 60154. M3 Financial is registered to do business in Illinois as entity file number 61926178, and is a "person" as defined by 47 U.S.C. § 153 (32).

**ANSWER:** Defendant admits that it is a Licensed Collection Agency with the Illinois Department of Financial and Professional Regulation, that it is an Illinois corporation (Secretary of State File Number 61926178) that maintains its principal place of business at 10330 W. Roosevelt Road, Suite 200 Westchester, Illinois 60154, and that it is registered to do, and does, business in the State of Illinois and within this District. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

6. Plaintiff alleges that at all times relevant herein M3 Financial conducted business in the State of Illinois, and within this District.

**ANSWER:** Defendant admits that it is a Licensed Collection Agency with the Illinois Department of Financial and Professional Regulation, that it is an Illinois corporation (Secretary of State File Number 61926178) that maintains its principal place of business at 10330 W. Roosevelt Road, Suite 200 Westchester, Illinois 60154, and that it is registered to do, and does, business in the State of Illinois and within this District.

## THE TELEPHONE CONSUMERS PROTECTION ACT OF 1991 ("TCPA")
## 47 U.S.C. §§ 227 *et seq.*

7.    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA),[FN1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

[FN1] Telephone Consumer Protection Act of 1991, Pub.L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §§ 201 *et seq.*

**ANSWER:**    Defendant states that the allegations contained in this paragraph, including footnote 1, are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same. Further answering, Defendant states that the TCPA and other references cited herein are written documents that speak for themselves and denies any allegations contained in this paragraph that is contrary to the written terms of those documents.

8.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[FN2]

[FN2] 47 U.S.C. § 227(b)(1)(A)(iii).

**ANSWER:**    Defendant states that the allegations contained in this paragraph, including footnote 2, are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same. Further answering, Defendant states that the TCPA and other references cited herein are written documents that speak for themselves and denies any allegations contained in this paragraph that is contrary to the written terms of those documents.

9.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with the authority to issue regulations implementing the TCPA, such calls are prohibited because as Congress found, automated or prerecorded telephone calls can be

4

costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[FN3]

> [FN3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Red 14014 (2003).

**ANSWER:** Defendant states that the allegations contained in this paragraph, including footnote 3, are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same. Further answering, Defendant states that the TCPA and other references cited herein are written documents that speak for themselves and denies any allegations contained in this paragraph that is contrary to the written terms of those documents.

10. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[FN4] The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided to the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[FN5]

> [FN4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling"),* 23 F.C.C.R. 559, 23 FCC Red, 559, 43 Communications Reg. (P&F) 877, 2008 WL 65484 (F.C.C.) (2008).

> [FN5] *FCC Declaratory Ruling,* F.C.C.R. at 564-65 (¶ 10).

**ANSWER:** Defendant states that the allegations contained in this paragraph, including footnotes 4 and 5, are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same. Further answering, Defendant states that the TCPA and other references cited herein are written documents that speak for themselves and denies any allegations contained in this paragraph that is contrary to the written terms of those documents.

## **FACTUAL ALLEGATIONS**

11. In an effort to increase collections on alleged debtor accounts, Defendant has made thousands of unsolicited phone calls to consumers nationwide. Many of these calls were placed to non-debtors. Most, if not all, of the calls featured a prerecorded voice.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

12. As part of Defendant's debt collection process, Defendant "loads referrals electronically, reconciles accounts with clients, provides standard and customized reports, provides flexible payment arrangement opportunities, accept credit cards, and check-by-phone, refers accounts to credit bureaus and/or undertakes legal judgment (with client approval), has an efficient month end process, and interfaces electronically with client hosts systems." *See* [http://m3fs.com/?page_id=5](http://m3fs.com/?page_id=5) (last visited on May 8, 2015).

**ANSWER:** Defendant states that the website cited herein is a written document that speaks for itself and denies any allegations contained in this paragraph that is contrary to the written terms of that document.

13. Beginning approximately January 2015, Plaintiff received a number of unsolicited phone calls to her wireless phone, for which Plaintiff provided no consent to call, in attempt to collect an alleged debt owed by a third party.

**ANSWER:** Defendant admits that beginning in approximately January 2015, Defendant made telephone calls to 773-812-0228 relative to a debt owed by June Kahn to the University of Chicago Medical Center. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that Defendant's telephone calls were to Plaintiff's cellular telephone number and, therefore, neither admits nor denies the same. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

14. Such calls were always made by prerecorded voice message that stated:

> "Hello. This is not a sales call. This is a second attempt to reach June Kahn in regard to the account with M3 Financial Services. If you are the person or can deliver a message to that person please have them call 708-632-5680 tonight up until 8:30 p.m. or on Monday through Friday 8:00 a.m. to 4:00 p.m. central standard time with reference number 1[XXXXX]3. This is a very serious matter

6

and it is very important we speak with them. Once again this is a second attempt from M3 Financial Services. The phone number to call back is 708-632-5680 and your reference number is 1[XXXXX]3. Thank you for delivering this message as it is very important. Press 2 to hear this message again. Goodbye."

**ANSWER:** Defendant admits that the text of its voicemail message to the calls made to 773-812-0228 relative to the debt owed by June Kahn is quoted in this paragraph, but denies that the *number* of the "attempt to reach June Kahn" provided in its message always was the "second attempt." Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

15. The incoming calls from M3 Financial received by Plaintiff came from the phone number (708) 632-5680, a number owned by Defendant.

**ANSWER:** Defendant admits that phone number 708-632-5680 is a telephone number associated with Defendant and that Defendant used that telephone number to call 773-812-0228. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

16. Plaintiff received calls beginning approximately in January 2015, but more recently received calls on April 14, 2015 at 3:42 p.m., April 22, 2015 at 3:15 pm., April 28, 2015 at 4:39 p.m., and on May 7, 2015. Each of these calls featured the above described prerecorded voice message.

**ANSWER:** Defendant admits that beginning in approximately January 2015, and on April 14, 2015 at 3:42 p.m., April 22, 2015 at 3:17 p.m., and April 28, 2015 at 4:39 p.m., Defendant made telephone calls to 773-812-0228 relative to a debt owed by June Kahn, and that the text of its voicemail message on those calls is quoted in this Paragraph 14 of the Complaint. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

17. These unsolicited phone calls placed to Plaintiff's wireless telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) and by using "an artificial or prerecorded voice" system as prohibited by 47 U.S.C. § 227 (b)(1)(A),

7

which had the capacity to produce or store numbers randomly or sequentially, and to dial such numbers, to place telephone calls to Plaintiff's cellular telephone.

**ANSWER:** Defendant states that the allegations contained in this paragraph are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same.

18. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant 47 U.S.C. § 227 (b)(1).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations that "[t]he telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls" and, therefore, neither admits nor denies the same  Further answering, Defendant states that the remaining allegations contained in this paragraph are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same.

19. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

**ANSWER:** Defendant states that the allegations contained in this paragraph are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same.

20. Plaintiff did not provide Defendant or its agents prior express consent to receive unsolicited phone calls pursuant to 47 U.S.C. § 227 (b)(1)(A). Plaintiff has no prior business dealings with Defendant and is not the person (June Kahn) whom Defendant is attempting to reach per the prerecorded voice message. Plaintiff believes that Defendant obtained her phone number through skip-tracing or other similar means because she never provided her number to Defendant.

**ANSWER:** Defendant states that the allegations contained in the first sentence of this paragraph are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same. Further answering, Defendant denies that it

8

"obtained [Plaintiff's] phone number through skip-tracing or other similar means because she never provided her number to Defendant" and denies that Plaintiff had no prior business dealings with Defendant. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

21. These telephone calls by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

22. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute.

**ANSWER:** Defendant states that the allegations contained in this paragraph are legal conclusions to which no response is required and, to the extent that an answer is required, Defendant denies the same.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and on behalf of all others similarly situated ("the Class").

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified.

24. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who receive any unsolicited telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3), which telephone calls by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint through the date of trial.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the

hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

26. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using unsolicited telephone calls, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

27. This suit seeks only statutory damages and injunctive relief for on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant admits that Plaintiff purports to state a claim for violation of the TCPA, but denies that it engaged in any unlawful conduct and that Plaintiff is entitled to the relief sought in the Complaint or any relief whatsoever from Defendant. Further answering, denies the remaining allegations contained in this paragraph.

28. The joinder of the Class member is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agent's records.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

29. There is a well defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominated over questions which may affect individual Class members, including the following:

    a. Whether, within the four years prior to the filing of this Complaint through the date of trial, Defendant or its agents placed telephone calls without the recipients' prior express consent (other than a telephone call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice system, to any telephone number assigned to a cellular telephone service;

    b. Whether the equipment Defendant, or its agents, used to make the telephone calls in question was an automatic telephone dialing system as contemplated by the TCPA;

    c. Whether Defendant, or its agents, systematically made telephone calls to persons featuring an artificial or prerecorded voice;

    d. Whether Defendant, or its agents, systematically made telephone calls to persons who did not previously provide Defendant with their prior express consent to receive such telephone calls;

    e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    f. Whether the Defendant and its agents should be enjoined from engaging in such conduct in the future.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

30. As a person that received at least one unsolicited telephone call to her cell phone without Plaintiff's prior express contest, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interest antagonistic to any member of the Class.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff will fairly and adequately represent the interests of the class members and, therefore, neither admits nor denies the same. Further answering, Defendant denies the remaining allegations contained in this paragraph.

31. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

32. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff's counsel is "experienced in handling class action claims and claims involving class actions and involving violations of the Telephone Consumer Protection Act" and, therefore, neither admits nor denies the same. Further answering, Defendant denies the remaining allegations contained in this paragraph and any allegation that is contrary to the foregoing.

33. A class action is a superior method for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually

controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal, especially given the burden and expense of individual prosecution of the complex litigation necessitated by the Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**ANSWER:** Defendant admits that Plaintiff purports to bring this action on behalf of a class, but denies that a class exists or that one should be certified. Further answering, Defendant denies the remaining allegations contained in this paragraph.

**COUNT I**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §§227** *et seq.*

35. Plaintiff incorporates by reference all of the above paragraph of this Complaint as though fully stated herein.

**ANSWER:** Defendant restates and incorporates by reference its answers to all of the above paragraphs as if fully set forth herein.

36. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls also feature a prerecorded voice and were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

37. Defendant also made telephone calls featuring a prerecorded or artificial voice without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

38. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

**ANSWER:** Defendant denies the allegations contained in this paragraph.

39. As a result of the Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff and the Class are entitled to an aware of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(30(B).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

40. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

### COUNT II
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 *et seq.*

41. Plaintiff incorporates by reference the above paragraphs 1 through 34 inclusive, of this Complaint as though fully stated herein.

**ANSWER:** Defendant restates and incorporates by reference its answers to paragraphs 1-34 inclusive, as if fully set forth herein.

42. Each such telephone call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. By using such equipment, Defendant

14

was able to effectively make thousands of phone calls simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These telephone calls also featured a prerecorded voice and were made without the prior express consent of the Plaintiff and other members of the Class to receive such telephone calls.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

43. Defendant also made telephone calls featuring a prerecorded or artificial voice without the prior express consent of the Plaintiff and other members of Class to receive such telephone calls.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

44. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cite provisions of 47 U.S.C. §§ 227 *et seq.*

**ANSWER:** Defendant denies the allegations contained in this paragraph.

45. As a result of the Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

46. Plaintiff and the Class are also entitled to and seek injunctive relief and prohibiting such conduct in the future.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

### PLAINTIFF'S PRAYER FOR RELIEF

### FIRST COUNT FOR NEGLIGENT VIOLATION OF THE TCPA
### 47 U.S.C. §§27 *et seq.*

47. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3(B).

15

**ANSWER:** Defendant denies the allegations contained in this paragraph.

48. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

## SECOND COUNT FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA
### 47 U.S.C. §§ 227 *et seq.*

49. As a result of the Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3(C).

**ANSWER:** Defendant denies the allegations contained in this paragraph.

50. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

\* \* \*

51. An order certifying the Class as defined above, appointing Plaintiff Mason as Class Representatives, and appointing Ronald A. Marron of the Law Offices of Ronald A. Marron as Class Counsel.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

52. An award of reasonable attorneys' fees (in the event of a class recovery) and costs.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

53. Any other relief the Court may deem reasonable, just and proper.

**ANSWER:** Defendant denies the allegations contained in this paragraph.

1890581v.1

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **(Estoppel)**

1. Plaintiff is estopped by reason of her own acts or omissions to recover on any claims that she may have had against Defendant.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Waiver)**

2. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Failure to Mitigate)**

3. Plaintiff had a duty to take reasonable steps to mitigate and/or avoid her alleged damages. Plaintiff failed to do so and, therefore, is barred in whole or in part from recovering the relief she seeks or any relief whatsoever from Defendant.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Comparative Negligence)**

4. Plaintiff, by her own actions or omissions, failed to exercise reasonable care and diligence on her own behalf, thereby causing or contributing to her alleged injury and damages, if any.

### **FIFTH AFFIRMATIVE DEFENSE**
### **(Consent)**

5. Plaintiff's claims are barred in whole or in part because Plaintiff consented to the conduct surrounding the occurrences alleged in the Complaint.

\*   \*   \*

Defendant reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendant requests that this Court enter judgment in favor of Defendant and against Plaintiff, and that this Court award to Defendant such further and other relief as this Court deems just and appropriate.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in this action of all issues so triable.

Dated: July 10, 2015                  Respectfully submitted,

**M3 FINANCIAL SERVICES, INC.**

By: */s/ Jason M. Kuzniar*
       One of its attorneys

Jason M. Kuzniar
Cory J. Kerger
WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
55 W. Monroe St., Suite 3800
Chicago, IL 60603
Tel: 312-704-0550
Fax: 312-704-1522
jason.kuzniar@wilsonelser.com
cory.kerger@wilsonelser.com

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on July 10, 2015, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and that a true and correct copy was served on the following by CM/ECF Electronic Notification:

Jeffery M. Sala (jsalas@salaswang.com)
Ronald A. Marron (ron@consumersadvocates.com)
Alexis M. Wood (alexis@consumersadvocates.com)
Kas Larene Gallucci (kas@consumersadvocates.com)

                              */s/ Jason M. Kuzniar*