### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ELAINE MASON, on behalf of herself and all others similarly situated, | No. 15-cv-04194 |
| Plaintiff, | Judge Andrea R. Wood |
| v. | Magistrate Judge Susan E. Cox |
| M3 FINANCIAL SERVICES, INC., an Illinois corporation, | |
| Defendant. | |

### PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff Elaine Mason and Defendant M3 Financial Services, Inc. (collectively the "Parties"), as set forth in the Class Action Settlement Agreement between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

1.      Unless defined herein, all terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

2.      The Court has conducted a preliminary evaluation of the Parties' proposed class action settlement (the "Settlement") set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that the Settlement Agreement meets all applicable requirements of Federal Rule of Civil Procedure 23 for settlement purposes only, including that the Settlement Class is sufficiently numerous, that there are questions of law and fact common to members of the Settlement Class that predominate over any

1

individual issues, that the claims of Plaintiff are typical of the claims of the Settlement Class, that Plaintiff and her counsel adequately represent the interests of the Settlement Class, and that a class action is a superior method of adjudicating this action. The Court further finds that: (i) there is good cause to believe that Settlement is fair, reasonable, and adequate; (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Morton Denlow (ret.) of JAMS; and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

3.      Pursuant to Fed. R. Civ. P. 23(b)(3), and for settlement purposes only, the Court certifies the proposed Settlement Class, consisting of: All persons in the United States who (1) received one or more calls from M3 Financial, (2) that were placed through the Global Connect dialing platform (ATDS and/or pre-recorded voice message), (3) on his or her cellular telephone(s), (4) and that number was not listed in the patient or guarantor field on the account in which the call(s) were placed, (5) from May 12, 2011 through May 26, 2016, and (6) whose telephone numbers are identified in the Class List.  Excluded from the Settlement Class are M3 Financial, its parent companies, affiliates or subsidiaries, or any entities in which such companies have a controlling interest; and any employees thereof; the judge or magistrate judge to whom the Action is assigned and any member of those judges' staffs and immediate families, and any persons who timely and validly request exclusion from the Settlement Class.

4.      For settlement purposes only, the Court hereby approves the appointment of Plaintiff Elaine Mason as Class Representative.

5.      For settlement purposes only, the Court hereby approves the appointment of the following attorneys as Class Counsel and finds that they are competent and capable of exercising the responsibilities of Class Counsel:

Ronald A. Marron
Alexis M. Wood
Kas L. Gallucci
Law Offices of Ronald A. Marron
651 Arroyo Drive
San Diego, CA 92103
Tel: 619.696.9006
ron@consumersadvocates.com
alexis@consumersadvocates.com
kas@consumersadvocates.com

Jeffrey M. Salas
Salas Wang LLC
73 West Monroe, Suite 219
Chicago, Illinois 60603
Tel: 312.803.4963
jsalas@salaswang.com

6.      On **May 10, 2018 at 10:00 a.m.,** this Court will a hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether: (i) final approval of the Settlement should be granted and (ii) Class Counsel's application for attorney's fees and expenses, and an incentive award to the Class Representative, should be granted. No later than **March 7, 2018,** Plaintiff must file her papers in support of Class Counsel's application for attorneys' fees and expenses, and no later than **April 26, 2018,** Plaintiff must file her papers in support of final approval of the Settlement.

7.      Pursuant to the Settlement Agreement, Kurtzman Carson Consultants is hereby appointed as Claims Administrator and shall be required to perform all of the duties of the Claims Administrator as set forth in the Settlement Agreement and this Order.

8.      To aid in the efficient submission of claims, the Settlement Agreement allows claimants to submit Claim Forms online without the need for a manual signature. Claimants who submit an electronic Claim Form shall be bound to the same extent as if they had used a manual signature and the Claim Form will contain a statement to that effect. All Claim Forms must be submitted online to the Settlement Website or postmarked no later than the Claims Deadline, which is **March 21, 2018.**

9.      The Court approves the proposed plan for providing Notice to the Settlement Class by (i) Direct Notice through email or U.S. mail to the last-known addresses of the Settlement Class members; (ii) the creation of the Settlement Website, as more fully described in the Settlement Agreement; and (iii) Internet Banner (Publication) notice as needed to accomplish sufficient reach. The plan for giving Notice fully complies with the requirements of Rule 23 and due process in form, method, and content; constitutes the best notice practicable under the circumstances; and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Claims Administrator to initiate Direct Notice and launch the Settlement Website within 30 days of the entry of this Order. The Court also directs the Parties and Claims Administrator to file a declaration describing the notice disseminated, the claims received and claims rate, and objections if any, which shall be filed by April 26, 2018.

10.     All persons who otherwise meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing no later than the Opt-Out deadline, which shall be **April 2, 2018.** To be valid, any request for exclusion must be sent to the Claims Administrator and postmarked on or before the Objection/Exclusion deadline. The request for exclusion must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and must include the

4

individual's name, his or her address, the name of the action (i.e., *Mason v. M3 Financial Services, Inc.*), a statement that he or she wishes to be excluded from the Settlement Class, and the cellular telephone number on which he or she allegedly received the phone calls during the Class Period. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and the Persons serving such a request shall be deemed to remain members of the Settlement Class and shall be bound as Settlement Class Members by the Settlement Agreement, if finally approved.

11.     Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at his or her own expense; *provided, however*, that all comments and/or objections must (i) be filed with the Clerk of the Court or, if the Settlement Class Member is represented by counsel, filed through the CM/ECF system, and (ii) must be sent via mail, hand delivery, overnight delivery, or electronic mail to the Claims Administrator, Class Counsel, and M3's counsel as described in the Notice, no later than the Objection Deadline. Any member of the Settlement Class who intends to object to the Settlement Agreement must include in his or her signed, written objection: (i) his or her full name, address, and current telephone number; (ii) the reasons for his or her objection; and (iii) to ensure membership in the Settlement Class, the cellular telephone number(s) on which he or she allegedly received the phone calls from M3 during the Class Period. Any Settlement Class Member who objects may appear at the Final Approval Hearing, either in person or through an attorney hired at his or her own expense, to object to the fairness, reasonableness, or adequacy of the Settlement. A Settlement Class Member or his or her attorney intending to make an appearance at the Fairness Hearing must: (a) file a

notice of appearance with the Court no later than ten (10) days prior to the Claims Deadline; and

(b) serve a copy of such notice of appearance on all counsel for all Parties.

12.     Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent (if any) to appear at the Final Approval Hearing in accordance with the terms of Paragraph 11 above and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means, and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or in any other action or proceeding.

13.     The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered, or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. M3 has denied and continues to deny the claims asserted by Plaintiff. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for purpose of enforcing the Settlement Agreement.

14.     The certification of the Settlement Class shall be binding only with respect to the Settlement of the Action. In the event that the Settlement Agreement fails to become effective, is

overturned on appeal, or does not become final for any reason, the Parties shall be restored to their

respective positions in the Action as of the date of the signing of the Agreement, and no reference

to the Settlement Class, the Settlement Agreement, or any documents, communications, or

negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED.**

ENTERED:

_____

ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE

DATE: November 21, 2017

7