## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ELAINE MASON, on behalf of herself, and all others similarly situated, | No. 15-cv-04194 |
| Plaintiff, | Judge Andrea R. Wood |
| v. | Magistrate Judge Susan E. Cox |
| M3 FINANCIAL SERVICES, INC., an Illinois corporation, | |
| Defendant. | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND INCENTIVE PAYMENT; AND FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court on Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's unopposed Motion for Attorneys' Fees, Costs and Incentive Payment (together, the "Final Approval Motions"). Based on the Court's review of Plaintiff's Memorandum of Law in Support of the Motion for Final Approval, the Declarations of Class Counsel and the Declaration of Jacqueline Kimbrough, and all other papers submitted in connection with Plaintiff's Final Approval Motions, the Court grants final approval of the settlement memorialized in the Class Action Settlement Agreement and Release ("Settlement Agreement"), attached to the Marron Declaration as Exhibit 1 (ECF 55-2), and so orders all of its terms which are incorporated fully herein.  Unless defined herein, all terms in this Order shall have the respective meanings ascribed to them in the Settlement Agreement.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. This Court has jurisdiction over the subject matter of this Action and personal jurisdiction over all Parties to this Action, including the Settlement Class Members.

2. On November 21, 2017, this Court preliminarily approved the Settlement, and certified, for settlement purposes, the Settlement Class consisting of: "all persons in the United States who (1) received one or more calls from M3 Financial, (2) that were placed through the Global Connect dialing platform (ATDS and/or prerecorded voice message), (3) on his or her cellular telephone(s), (4) and that number was not listed in the patient or guarantor field on the account in which the call(s) were placed, (5) from May 12, 2011 through May 26, 2016, and (6) whose telephone number are identified in the Class List."

3. Notice to the Settlement Class has been provided in accordance with the Court's Order granting Preliminary Approval, and the substance of and dissemination program for the Notice, which included direct notice via U.S. Mail to the Class List, an online media campaign, and the creation of the Settlement Website, constituted the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their right to object or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing; was reasonable and provided due and sufficient notice to all persons entitled to notice of the settlement of this Action; and fully complied with the requirements of due process.

4. Due and sufficient Notice of the Proposed Class Action Settlement has been provided to the offices of the U.S. Attorney General and the Attorneys General of each of the 50 states, the District of Columbia, and the U.S. Territories in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

5. The Settlement Agreement was the result of arm's-length negotiations conducted in good faith by experienced attorneys familiar with the legal and factual issues of this case, was reached with the assistance of the Honorable Morton Denlow (ret.) of JAMS Chicago and is supported by Plaintiff and Class Counsel. The Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of entering into and implementing the Settlement Agreement.

6. The Settlement as set forth in the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the complexity, expense, and duration of litigation and risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

7. The Settlement consideration provided under the Settlement Agreement constitutes fair value given in exchange for the Released Claims and release provided by the Releasing Parties to the Released Parties. The Court finds that the consideration to be paid to members of the Settlement Class is reasonable, and the change in Defendant's business practices, by blocking automatic dialing of cellular telephone numbers and systemically code consent, is likewise reasonable considering the facts and circumstances of the claims and affirmative defenses available in the Action, and the potential risks and likelihood of success of alternatively purposing trial on the merits.

8. For settlement purposes, the Court finally certifies the Settlement Class pursuant to Fed. R. Civ. P. 23(e). The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Plaintiff's common contentions predominate over any issues affecting only individual Settlement Class Members. Class adjudication is superior because, among other reasons, the potential recovery for Settlement

Class Members is comparatively modest – even if Settlement Class Members were to recover full statutory damages – when compared with the effort it would take to assert them individually in court.

9. The Law Offices of Ronald A. Marron and Salas Wang, which the Court previously appointed as Class Counsel, satisfy the adequacy required of Fed. R. Civ. P. 23(a)(4).

10. The Settlement Agreement is finally approved as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties are directed to consummate the Settlement Agreement in accordance with its terms.

11. The Court notes that no Settlement Class Members have opted out. Thus, the Settlement Class Members, including all those who did not timely exclude themselves from the Settlement Class, are bound by the terms and conditions of the Settlement Agreement.

12. The Settlement Agreement is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms. The Claims Administrator shall pay from the Settlement Fund all Approved Clams, as well as the Settlement Costs and Incentive Award, pursuant to and in the manner provided by the terms of the Settlement Agreement. Specifically, the Court awards Class Counsel $180,000 in attorneys' fees, plus $20,123.86 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, and ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. Additionally, the Court finds reasonable and approves the Incentive Award for the Class Representative Elaine Mason in the amount of $5,000 in recognition of the services she rendered on behalf of the Class. The Court also finds reasonable and approves the costs incurred by the Claims Administrator in

4

administering the claims and notice in this matter in the amount of $83,000 to be paid out of the Settlement Fund.

13. Other than as set forth in the Settlement Agreement and this Order, the Parties shall bear their own costs and attorneys' fees.

14. Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

15. Upon the Effective Date, and in consideration of the Settlement relief described herein and in the Settlement Agreement, the Releasing Parties shall be deemed to have, and by operation of the Final Judgment shall have: (a) fully, finally and forever released, resolved, relinquished and discharged the Released Parties from all of the Released Claims; and (b) covenanted not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so.

16. Upon the Effective Date, the above release of claims and covenant not to sue, and the Settlement Agreement, will be binding on the Releasing Parties, and will have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties that involve the Released Claims. The Releasing Parties shall be permanently barred and enjoined from filing, commencing, prosecuting or intervening in, any Released Claim(s) against the Released Parties in any court, arbitration, tribunal, forum or proceeding.

## **CONCLUSION**

The Court has jurisdiction over the subject matter of this action and all parties to the action, including all Settlement Class Members. The Court certifies the Settlement Class and grants final approval of the Settlement. All persons who satisfy the class definition are

Settlement Class Members bound by this judgment. The form and method of notice satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, including the Fifth Amendment's Due Process Clause.

The Court grants Class Counsel $180,000 in attorneys' fees and $20,123.86 in litigation costs. The Court also grants the Claim Administrator $83,000 in administration costs. The Court also grants Class Representative Elaine Mason an incentive payment of $5,000. The attorneys' fees and costs, administration costs, and incentive award will be paid out of the Settlement Fund.

The Court reserves jurisdiction over the implementation, administration, and enforcement of this Settlement and all matters arising thereunder. This document satisfies Rule 58 of the Federal Rules of Civil Procedure. The Court dismisses the action with prejudice, and no costs shall be awarded other than those specified in this Order, or provided by the Settlement Agreement. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

ENTERED:

_____
ANDREA R. WOOD
UNITED STATES DISTRICT JUDGE

DATE: June 29, 2018